# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
|     Plaintiff, ) | CR 08-00874-TUC-CKJ (JCG) |
| ) | |
| vs. ) | **REPORT & RECOMMENDATION** |
| ) | **Re: Defendant's Motion to Dismiss** |
| Osmin Antonio Alas, ) | |
| ) | |
|     Defendant. ) | |

Pending before the Court is a Motion to Dismiss for Failure to Preserve Material Exculpatory Evidence filed by Defendant Osmin Antonio Alas on October 27, 2008. (Doc. No. 36.) The United States filed a response to the Motion on November 11, 2008 and a supplemental response on November 25, 2008. (Doc. Nos. 39 & 43.) Defendant did not file a reply.

In his Motion, Defendant seeks dismissal of the indictment on the ground that the government failed to preserve a bolt seal which Border Patrol Agents cut off of the back of his tractor trailer. Initially, the government believed that it did not preserve the bolt seal. Thus, in its response to Defendant's Motion to Dismiss, the United States argued that the failure to preserve the bolt seal did not constitute a due process violation. In its supplemental response, however, the government stated that the bolt seal had been found and made available to the Defendant. At the hearing, the Defendant asserted that the bolt seal found by the government was not the bolt seal cut from Defendant's truck; consequently, the Defendant continues to assert that the indictment should be dismissed because the government failed to preserve the seal.

This matter came before the Court for a report and recommendation as a result of a referral made on June 12, 2008, pursuant to LRCrim 5.1. (Doc. No. 4.) This matter was set for evidentiary hearing and evidence was heard on December 2, 2008. Defendant, who is not in custody, was present and represented by counsel. This matter was submitted following oral argument at the conclusion of the hearing and taken under advisement.

Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, DENY Defendant's Motion to Dismiss for Failure to Preserve Material Exculpatory Evidence.

## BACKGROUND AND FACTUAL FINDINGS

The facts are, for the most part, undisputed. The Defendant is a truck driver. On June 10, 2008, at approximately 12:30 a.m., Defendant was arrested and charged with Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(b)(1)(B)(vii), after agents discovered 808 kilograms of marijuana in the back of his trailer.

Defendant had been driving the tractor trailer on State Route 82 near Sonoita, Arizona when he was stopped at the primary inspection area of a temporary Border Patrol checkpoint. Agent Haymore was the first agent to come into contact with Defendant. Agent Haymore approached the cab at the primary inspection point, spoke with Defendant, and asked to see Defendant's bill of lading, a receipt which describes the trailer's load. The bill of lading stated that Defendant was hauling cardboard. Agent Haymore then asked Defendant what he was hauling. Defendant stated that he did not know. While Agent Haymore was interviewing Defendant, a service canine alerted to Defendant's trailer. Based on this alert, as well as Defendant's statement that he did not know what he was hauling, Agent Haymore directed Defendant to the secondary inspection point.

Agent Eduardo Gonzalez was working at the temporary checkpoint in Sonoita with the service canine who alerted to Defendant's trailer. After Defendant pulled his tractor/trailer off the road into the secondary inspection area, Agent Gonzalez ran the service canine along the side of the tractor trailer again and the canine alerted a second time. Agent

Gonzalez approached the cab of truck and spoke to Defendant. He asked Defendant what he was hauling; Defendant initially stated that he did not know what he was hauling but later told Agent Gonzalez that someone had told him the trailer contained cardboard.

While Agent Gonzalez was talking to Defendant, other agents came out of the Border Patrol station and approached the back of the trailer. One of the agents told Agent Gonzalez that the trailer was locked. Agent Gonzalez asked Defendant if he had a key to the trailer and Defendant said no. Agent Gonzalez did not inspect the back of the trailer or see the bolt that sealed the trailer doors.

Agent Blaine was assigned to the primary inspection area on the night in question. After Defendant's truck was moved into secondary inspection, Agent Blaine observed that the back of the trailer was locked with some sort of bolt-type lock or seal. Agent Blaine had not seen that type of bolt seal before. Agent Blaine went into the Border Patrol station and asked a supervisor, Agent Nunley, for assistance. Agent Nunley asked Agent Blaine to retrieve some bolt cutters from a Border Patrol storage trailer. Agent Blaine found the bolt cutters and handed them to another agent whose identity he cannot recall. Agent Blaine then returned to the primary inspection point. He did not see the bolt seal being removed from the trailer.[1]

After cutting the bolt seal and searching the trailer, agents found the marijuana charged in this case. The bolt and bolt seal apparently were not preserved as evidence at that time. Agents Haymore, Blaine and Gonzalez testified that they are aware of the procedures for preservation of evidence during a search. The agents testified that on June 10, 2008, they

\\

\\

---

[1] Agent Haymore testified that he had learned in training that cargo may be sealed in a trailer to assure the recipient of the load that the load has not been tampered with during transport. Both Agent Haymore and Agent Gonzalez testified that if Border Patrol agents must break the seal of a trailer in order to inspect a load, the agents will re-seal the trailer using a Border Patrol seal, and note the new seal number on the truck driver's bill of lading.

- 3 -

1 did not believe that the bolt seal was evidence or that it needed to be preserved.[2]

2 On October 3, 2008, at a prior hearing in this case, Agent Gonzalez was questioned about the bolt seal.[3] At that time, he testified that he saw some numbers on the bolt seal that was removed from Defendant's trailer, but that he was not really familiar with this type of locks. During this previous testimony, Agent Gonzalez was asked about and responded that he did not recall what had happened to the bolt seal that was removed from the trailer doors.

At the December 2, 2008 hearing, Agent Gonzalez testified that on June 11, 2008, he found a bolt seal on the ground that he believed to be the bolt seal removed from the trailer on June 10, 2008. He picked up the bolt seal and put it in his pocket, intending to keep it as a souvenir of the drug bust. He took the bolt seal home and kept it in his night-stand drawer. Agent Gonzalez testified that he forgot that he had picked the bolt seal up until November 11, 2008, when government counsel contacted him regarding the pending Motion to Dismiss. After that phone call, Agent Gonzalez remembered that he had picked up the bolt seal that he believed to be the same bolt seal removed from Defendant's trailer. He retrieved the bolt seal from his night stand and delivered it to case agent Chad Jenkins. He also prepared a supplemental report detailing the events. The bolt seal was made available to defense counsel for inspection and photographing.

The bolt seal discovered by Agent Gonzalez is marked with a seal number, SS3394845. The bill of lading provided to the agents by Defendant referenced a seal and listed SS3394284 as the seal number.

\\

\\

\\

---

[2] Prior to June 10, 2008, none of the testifying agents had been involved in a search of a sealed or locked tractor trailer. Since June 10, 2008, Agent Haymore has been involved in one other tractor trailer search.

[3] Agent Gonzalez testified at a Suppression Hearing in this matter on October 3, 2008. (Doc. No. 31, pgs. 69-73.)

- 4 -

## ANALYSIS

Defendant contends that the bolt seal removed from Defendant's trailer could have been exculpatory evidence because if the seal number on the bolt had matched the seal number on Defendant's bill of lading, it would indicate that the load had not been tampered with from the time it was loaded until Defendant was stopped at the check point. The Defendant contends that the absence of the bolt seal makes it difficult to counter the government's proof that the Defendant had knowledge of the contents of the truck.

The suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *See United States v. Brady*, 373 U.S. 83, 87 (1963). The government has a duty to preserve evidence if (1) the evidence is material and exculpatory in nature, (2) the exculpatory value was apparent before the evidence was destroyed and (3) the defendant would be unable to obtain comparable evidence by other reasonably available means. *See California v. Trombetta*, 467 U.S. 479, 489 (1984). If, however, the evidence is not material and exculpatory in nature but is instead "potentially useful evidence," a different legal standard applies. *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988). In this second scenario, failure to preserve "potentially useful evidence" does not violate due process "unless a criminal defendant can show bad faith on the part of the police." *See id.* at 58. Thus, the initial inquiry in review of a Motion to Dismiss brought pursuant to Brady is whether the evidence at issue was "material and exculpatory" or "potentially useful."

Regardless of whether the Court determines that the bolt seal found by Agent Gonzalez is the actual bolt seal cut from Defendant's trailer or concludes that the bolt seal has been lost, the result is the same; the bolt seal is not material and exculpatory.[4] Generally, evidence is material and exculpatory if it is clearly favorable to the accused, such

---

[4] The authentication of the bolt seal and its admissibility as evidence are issues to be determined at trial. Determination of these issues is unnecessary to the resolution of the pending motion.

- 5 -

1  as the confession of a co-defendant, *see Brady*, 373 U.S. at 87, or a victim's criminal record
2  supporting a defendant's claim of self-defense. *See United States v. Agurs*, 427 U.S. 97, 114
3  (1976). Potentially useful evidence, on the other hand, is evidence that "could have been
4  subjected to tests, the results of which might have exonerated the defendant," such as
5  Breathalyzer samples, *see Youngblood*, 488 U.S. at 57, or seized cocaine. *See Illinois v.*
6  *Fisher*, 540 U.S. 544, 546 (2004).

7       A bolt seal falls within the category of potentially useful evidence, because it has no
8  extrinsic exculpatory value. The bolt seal that the Defendant contends has been lost is
9  potentially useful only if the seal were examined and if the seal number on the bolt was found
10 to match the seal number on Defendant's bill of lading. Even then, Defendant could use that
11 evidence only to suggest that the load remained intact from the time it was loaded. As
12 Defendant admits in his Motion, even if the numbers on the seal and the bill of lading
13 matched, Defendant would be required to present expert testimony regarding the bolt seal,
14 how it is used in the trucking business, and what an unbroken seal might suggest regarding
15 a driver's knowledge of the contents of the load. The bolt seal, in and of itself, does not aid
16 the Defendant in his defense. Whether the load was sealed or not would not, without more,
17 prove or disprove Defendant's knowledge of the contents of the load.

18      Thus, even if the government failed to preserve the bolt seal as evidence, because the
19 seal is not material or exculpatory in nature, Defendant must prove that the government's
20 failure to preserve the seal as evidence was an act of bad faith. Defendant has not met this
21 burden. No evidence of bad faith destruction was presented to the Court. An officer does
22 not act in bad faith unless he or she acts with the purpose of depriving the defendant of the
23 potentially exculpatory evidence. *See United States v. Barton*, 995 U.S. 935-36 (9th Cir.
24 1993). Mere negligent destruction of evidence does not constitute an act of bad faith. *See*
25 *id.* None of the agents who testified were directly involved in the removal of the bolt seal.
26 In fact, only Agent Haymore testified that he knew that the purpose of a bolt seal was to

27
28

protect a load from tampering.[5] Agents Blaine and Gonzalez each testified that they were not familiar with bolt seals or their purpose, and each testified that he did not believe the bolt seal had any evidentiary significance at the time it was removed from Defendant's trailer. Agent Gonzalez also testified that at the time he picked up the bolt seal and took it home, he did not believe that it had any evidentiary significance.[6] Prior to Defendant's June 10, 2008 arrest, none of the agents had ever been involved in the removal of a bolt seal from a trailer during a search. Although each of the agents was aware of the procedure for preserving evidence, none of the agents had been instructed to preserve bolts, locks or seals.

Thus, even assuming that the government failed to preserve the bolt seal cut from Defendant's truck, there is no due process violation because there is no evidence before the Court which would suggest that the agents intended to deprive Defendant of potentially exculpatory evidence.[7]

## RECOMMENDATION

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY Defendant's Motion to Dismiss for Failure to Preserve Material Exculpatory Evidence. (Doc. No. 36.)

---

[5] Agent Haymore also testified, however, that he was not involved in the removal of the bolt seal from the truck, and that it did not occur to him at the time the bolt seal was removed that the bolt seal might have evidentiary value.

[6] Whether Agent Gonzalez was untruthful or absent-minded in his response to questioning at the October hearing about the whereabouts of the bolt seal is not determinative of the issue of bad faith. Agent Gonzalez' subsequent production of what he believed to be the bolt seal demonstrates that he did not intend to deprive the Defendant of potentially exculpatory evidence.

[7] For these same reasons, even if the bolt seal were considered to be material, exculpatory evidence, Defendant has not met his burden of proof in demonstrating that the evidentiary value of the bolt seal was apparent before it was discarded.

1  The parties have **ten (10) days** to serve and file written objections to the Report and
2 Recommendation. The parties are advised that any objections should be filed with the
3 following caption: **CR 08-874-TUC-CKJ.**

DATED this 5th day of January, 2009.

_____
Jennifer C. Guerin
United States Magistrate Judge