**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                        )<br>        Plaintiff,           )<br>                        )<br>vs.                      )<br>                        )<br>OSMIN ANTONIO ALAS,          )<br>                        )<br>        Defendant.          )<br>_____) | No. CR 08-874-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Government's Motion in Limine to Exclude Statements from the "Homeland Security USA" Television Show [Doc. # 112] and part of the Government's Motion in Limine to Exclude Proposed Testimony of James Soto [Doc. # 114]. Counsel presented oral argument on May 26, 2009, and this Court took the issues under advisement.

*Motion in Limine to Exclude Statements from "Homeland Security USA"*

The government objects to the admission of an excerpt from ABC's "Homeland Security USA" television show from March 3, 2009. In this clip, CBP Officer Wilford Collins, referring to truck drivers who pick up trailers just over the border in Mexico and then bring them into the United States, says:

> The way it works here for these drivers, they get paid to go pick up a trailer. The don't look inside the trailer to see what's in it. A lot of them don't know.

Motion, p. 1. The government asserts the statement is hearsay and does not fall within any exception. The government asserts Alas should not be permitted to play the clip before the

1 jury.

2     Indeed, the government asserts that inadmissible hearsay may not be used to impeach
3 the testimony of an expert if the expert has not relied upon the hearsay for his opinion. *In*
4 *re Hanford Nuclear Reservation Litigation*, 534 F.3d 986, 1012 (9th Cir. 2008). The
5 government asserts that its expert, DEA Special Agent Scott Christian, did not rely on the
6 hearsay statements and it would not have been reasonable for him to do so. Alas asserts,
7 however, that the statement is not being offered for the truth of the matter asserted. Rather,
8 it is to test the basis of the opinion of government expert DEA Special Agent Scott
9 Christian.[1] However, presumably any time inadmissible hearsay is be used to impeach the
10 testimony of an expert it is to test the basis of the expert's opinion. Nonetheless, under the
11 facts in this case, it appears that such statement will test the basis for Christian's opinion.
12 Christian is expected to testify that the basis of his opinion is his experience investigating
13 cases, talking to other agents, and talking to informants. Christian is free to contact Collins
14 to inquire about the statement – where one of the stated bases of Christian's opinion is
15 talking to other agents, Christian's apparent deliberate failure to talk to an agent that has an
16 opposing view tests the validity of Christian's opinion and his methods of reaching his
17 opinion. The Court finds the statement is not being offered to prove the truth of the matter
18 asserted and Christian may be impeached with the statement.

19     The government also asserts that the unfair prejudicial effect substantially outweighs
20 any probative value. Fed.R.Evid. 403. The government asserts any probative value is
21 minimal in light of the experience of Christian. Moreover, the facts in the show are
22 substantially different from the facts in this case. The drivers referred to in the clip were
23 hired to transport goods across the border – here, Alas picked up the load in Nogales,
24 Arizona and was allegedly taking the load to Las Cruces, New Mexico. Further, the loads
25 in the television show involved marijuana hidden in crated stone ornaments while in this case
26 the marijuana was stacked directly on palettes – agents were able to see the marijuana by

27
28     [1]*See e.g., Orozco v. Kramer*, 2009 WL 1033610 (C.D.Cal. 2009).

- 2 -

1  looking over the cardboard that had been stacked in the rear of the trailer.  Additionally, the
2  government points out that we do not have any information if the driver referenced in the clip
3  had knowledge of the drugs, why he was not prosecuted, the circumstances that led up to his
4  encounter with law enforcement, the circumstances after his encounter, or how the video was
5  edited.  The government asserts the jury will give undo weight to the statement from the
6  show and will likely be confused by the statement because it deals with international trucking
7  practices.  Alas asserts, however, that the issue of whether Mexican drug trafficking
8  organizations use unwitting drivers is the same whether contact is made at a border
9  checkpoint or an interior checkpoint.
10             In determining whether the danger of unfair prejudice substantially outweighs any
11 probative value, the Court considers that this cross-examination goes to the heart of the
12 defense in this case –  whether Alas had knowledge of the marijuana.  The United States
13 Constitution affords a criminal defendant the right to present a defense.  "Whether rooted
14 directly in the Due Process Clause of the Fourteenth Amendment . . . or in the Compulsory
15 Process or Confrontation clauses of the Sixth Amendment, . . . the Constitution guarantees
16 criminal defendants 'a meaning ful opportunity to present a complete defense.'"  *Crane v.*
17 *Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986), *citations omitted*.  In
18 this case, the evidence is not unreasonably cumulative and there is no undue prejudice to the
19 government.   Indeed, where some of the objections by the government are the result of the
20 government's own conduct (e.g., incomplete information), the Court considers that the
21 government has access to Collins if the government chooses to obtain more information
22 about the incident or can call Collins as a witness.  The Court finds any prejudicial effect
23 does not substantially outweigh the probative value.  Further, any prejudice is not unfair to
24 the government given the subject matter of the anticipated testimony.  Additionally, the
25 objections made by the government are more appropriately considered by the jury in
26 determining the weight to be placed on the evidence, not the admissibility of the evidence.
27             The Court finds the government expert witness may be questioned regarding the
28 "Homeland Security USA" excerpt.  However, the Court does not find any basis to permit

1  the "Homeland Security USA" excerpt to be played before the jury.

*Motion in Limine to Exclude Proposed Testimony of James Soto*[2]

Defense witness James Soto is expected to testify that, while assigned as a supervisor for the Border Patrol, in southern Arizona, a truck driver was detained and a large amount of marijuana was found – the driver was determined not to have knowledge of the contraband and, therefore, Soto returned his paperwork to the driver. The government asserts that it is unclear who made the determination that the driver did not have any knowledge or the basis for that determination and objects to this testimony on foundation grounds. Such foundational questions, however, can be addressed to Soto.

The government asserts, however, that if Soto did not make the determination that the driver did not have knowledge of the contraband, Soto's testimony will include hearsay and will not be based upon personal knowledge. Defense counsel's comments during argument indicate it was not Soto who made the determination, but that if such testimony does come in it is to show why Soto took the actions he did (i.e., return the paperwork). *See e.g. United States v. Sims*, 617 F.2d 1371, 1376 n. 6 (9th Cir. 1980) (hearsay rule is not applicable to statements that are not offered to prove the truth of the matter asserted). Indeed, Soto is apparently expected to testify that it was his practice to return such documents only if such a determination is made. The defense is not offering the statement to show the truth of the matter asserted – the defense will be able to achieve the same result by providing testimony of Soto's normal practice.

The government also asserts that this testimony is cumulative, misleading, and should be excluded as any probative value is substantially outweighed by Fed.R.Evid. 403 considerations. Indeed, the government argues that one unknowing driver is cumulative to expert Godtlibsen's opinion as to how and why drug traffickers sometimes use unknowing

---

[2] Counsel agreed during the hearing that Soto will not be called to testify regarding the work records of Agent Gonzalez. This issue, as raised in the motion, therefore, is moot.

- 4 -

1  couriers. Alas asserts the Court should defer ruling until after hearing from the other
2  witnesses to see if such evidence would be a needless presentation of cumulative evidence.
3  In effect, the government is arguing that the third instance of an unknowing driver is
4  cumulative. The proposed testimony does not represent a 200th incident . . . or even a 5th
5  incident. The Court finds the testimony is not so cumulative the Fed.R.Evid. 403 requires
6  its exclusion. The Court finds the testimony of Soto to be admissible.

Accordingly, IT IS ORDERED:

1. The government's Motion in Limine to Exclude Statements from the "Homeland Security USA" Television Show [Doc. # 112] is DENIED.

2. The government's Motion in Limine to Exclude Proposed Testimony of James Soto [Doc. # 114] is DENIED.

DATED this 29th day of May, 2009.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge